[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12122

Non-Argument Calendar

_____

CHRISTOPHER SCROGGINS,

                                                            Plaintiff,

VICTOR REVILL,
appointed as personal represenatative of
Christopher Scroggins's estate,

                                                    Plaintiff-Appellee,

*versus*

RICHARDSON,
Officer,

                                                 Defendant-Appellant,

BIRMINGHAM, CITY OF,

Defendant.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-00553-GMB

————————————

Before WILLIAM PRYOR, Chief Judge, and JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

Officer James Richardson appeals the denial of qualified immunity from Christopher Scroggins's claim of excessive force in violation of the Fourth Amendment, 42 U.S.C. § 1983. Victor Revill, as personal representative of Scroggins's estate, moves to dismiss for lack of jurisdiction. Because Richardson's argument turns on an evidentiary issue, which we lack jurisdiction to review on interlocutory appeal, we dismiss this appeal.

After midnight on September 19, 2019, Scroggins broke into a car in a parking lot. Richardson, an on-duty Birmingham police officer, answered a dispatch call for breaking-and-entering and found Scroggins in the car. Richardson approached Scroggins with his gun drawn and ordered him out of the car.

What happened next is in dispute. Revill asserts that Scroggins exited the car, and Richardson frisked him but found no weapon. Scroggins pulled away and began to run, but Richardson intentionally shot him in the back of the neck to stop him from getting away. Although Scroggins spoke to an officer at the hospital and made a recorded statement that the shooting was an accident and not Richardson's fault, Scroggins stated in his deposition that he was on pain medication, still under the effects of anesthesia from surgery, and did not remember the conversation.

Richardson has a different recollection. He contends that he had no time to search Scroggins, so he was concerned that Scroggins might have a weapon. After Scroggins pulled away and tried to run, a tussle ensued. When Richardson pulled Scroggins toward him, Scroggins's neck made contact with Richardson's gun, and Richardson stumbled on a concrete wheel stop. Richardson believed that his gun discharged due to the tussle.

Richardson moved for summary judgment on the excessive-force claim based on qualified immunity. The magistrate judge, whom the parties jointly consented to conduct the proceedings, 28 U.S.C. § 636(c), denied Richardson qualified immunity because of the disputed factual issue whether he intentionally shot Scroggins. The magistrate judge ruled that although "a reasonable juror viewing the video footage might see two men struggling and tripping over a parking block, resulting in an accidental discharge of Richardson's gun, another juror watching the same recordings might fairly conclude that Richardson intentionally shot

Scroggins." The magistrate judge explained that, viewing the facts in the light most favorable to Scroggins, Richardson's intentional use of deadly force was unreasonable because binding authority established that deadly force cannot be used against a fleeing, unarmed suspect who poses no immediate threat to officers or others. The magistrate judge also stated that "if Richardson's use of force was constitutionally excessive but unintentional, he would be entitled to qualified immunity."

Revill moves to dismiss this appeal for lack of jurisdiction because the magistrate judge's ruling turned on a factual issue—whether a reasonable jury could find that Richardson intentionally shot Scroggins—instead of a legal issue. We agree.

The denial of qualified immunity is an appealable "final decision," 28 U.S.C. § 1291, only insofar as it turns on an issue of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The collateral order doctrine provides that we have jurisdiction over an appeal if the order conclusively determines the disputed question, resolves an important issue completely separate from the merits, and is effectively unreviewable on appeal from a final judgment. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375 (1981). Although "a claim of immunity is conceptually distinct from the merits of the plaintiff's claim, purely factual questions of whether a defendant violated the plaintiff's rights are *not* separable from the merits of his claim," so they do not meet the second requirement of the collateral order doctrine. *Hall v. Flournoy*, 975 F.3d 1269, 1275 (11th Cir. 2020) (citation omitted). And we are barred from preliminarily

reviewing "whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id.*

Richardson contends that he is entitled to qualified immunity because he did not violate a clearly established constitutional right. Although his arguments are dressed up as legal challenges as to whether his conduct violated clearly established law, Richardson effectively argues that the evidence, when viewed in the light most favorable to *him*, does not support a finding that the shooting was intentional. *See Simmons v. Bradshaw*, 879 F.3d 1157, 1163–64 (11th Cir. 2018) ("If a government official moves for summary judgment asserting entitlement to qualified immunity, then the relevant facts are construed in the light most favorable to the *non-movant—i.e.*, the plaintiff—and the court should decide the issue based on those facts." (emphasis added)). For example, Richardson argues that his "accidental application of force" was reasonable under the totality of the circumstances because "[n]o reasonable jury could find that Scroggins was under control, not resisting, and obeying commands." He contends that Revill failed to supply caselaw "that declares a Fourth Amendment violation when force is *accidentally* used on a suspect." And he asserts that, "if after de novo review, [we] determine[] the shooting of Scroggins was accidental, [he] is entitled to qualified immunity." To that end, Richardson also challenges the magistrate judge's determination that the videos do not clearly establish that Richardson had enough time to search Scroggins for a weapon.

Whether Richardson violated clearly established law turns on issues of fact. If Richardson intentionally shot Scroggins while he was trying to run away, not carrying a weapon, and posing no threat to Richardson or others, then Richardson violated clearly established law. *See Bradley v. Benton*, 10 F.4th 1232, 1243 (11th Cir. 2021) (recognizing that the Supreme Court has "clearly established that an officer cannot use deadly force to stop an unarmed man who is not suspected of committing a violent crime from fleeing on foot."); *Cantu v. City of Dothan, Alabama*, 974 F.3d 1217, 1230 (11th Cir. 2020) ("[R]esisting arrest alone is not enough to justify the use of deadly force"). But if Richardson accidentally shot Scroggins during their tussle in the parking lot, then Richardson did not violate clearly established law. It is not for us to decide, at this juncture, whose version of the facts should prevail. *See Simmons*, 879 F.3d at 1163. A jury will need to decide. We lack jurisdiction over this interlocutory appeal.

We **DISMISS** this appeal for lack of jurisdiction.